UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | NO. 05-CR-0228-JLQ |
| ) vs. ) | |
| ) HEATHER L. COLEMAN, ) | PRETRIAL CONFERENCE ORDER |
| ) | AND ORDER ON PRETRIAL MOTIONS |
| Defendant ) | |

A pretrial conference and hearing on pretrial motions was held on December 8, 2005, in Sacramento, California. Assistant United States Attorney Susan Fahami appeared on behalf of Plaintiff. Defendant appeared personally and through her attorneys Vito De La Cruz and Michael Kennedy. This Order is intended to reflect the oral rulings of the court. Defendant's Motion to Suppress Evidence is **Denied;** Defendant's Motion to Inspect Personnel Files is **Granted;** Defendant's Motion for Discovery is **Granted;** Defendant's Motion to File Further Motions is **Granted;** Defendant's Motion for Notice of 404(b) Evidence is **Reserved;** Defendant's Motion to Dismiss for Duplicity is **Denied;** Defendants Motion To Dismiss for Lack of Jurisdiction is **Denied With Leave to Renew;** and Defendant's Motion for Change of Venue is **Granted** for the following reasons.

**1, Motion to Suppress Evidence**

Defendant contends that her statements should be suppressed because she was not given her *Miranda* warnings. However, an officer's obligation to administer the warnings mandated by *Miranda v. Arizona,* 384 U.S. 436 (1966) attaches only where there has been such a restriction on a person's freedom as to render him or her into custody. *United States v. Crawford,* 372 F.3d 1048, 1053 (9th Cir. (*en banc*) (citations

omitted). "An officer's obligation to administer *Miranda* warnings only attaches where there has been such a restriction on a person's freedom as to render him in custody." *Id.* at 1059 (citation and internal quotation marks omitted). A person is in custody only where "there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. *Id.* (citation and internal quotation marks omitted). A court must examine the totality of the circumstances from the prospective of a reasonable person in the suspect's position. *Id.* (citation omitted).

In *Crawford*, the court held that the defendant was not in custody when he accompanied the officers to an FBI office, the officers told him he was not under arrest and was free to leave, and the officers drove him home after the interview. *Id.* at 1051-52, 1060. Similarly in *California v. Beheler,* 463 U.S. 1121 (1983) (*per curiam),* the Supreme Court held that *Miranda* warnings are not required when a suspect voluntarily comes to a police station, is not placed under arrest, and is allowed to leave unhindered after a brief interview.

Here, the Defendant's initial interview on April 29, 2004 by officers was in her own home in the family room with her husband present. The Defendant was not in custody. The officers told her she was not under arrest, was free to leave, and would not be arrested , which she was not. She told the officers she was not surprised to see them. The Defendant told the officers in detail as to her involvement in the handling of Judge Damrell's financial matters. She stated that beginning in 2003, she began paying her own creditors from Judge Damrell's SmithBarney account and that she gave the Judge an altered financial statement to cover up those payments. These statements were freely and voluntarily given. The Agents asked her to write a written statement and she complied. FBI Agent Richard J. Snodgrass testified that the Defendant was calm, shaken and showed some remorse, was very polite and cooperative. This interview lasted for 1and 1/2 to 2 hours.

On May 4, 2004, Agent Snodgrass called Ms. Coleman on the telephone and asked her how she paid her own personal bills using Judge Damrell's Smith-Barney checks.

She stated that she mailed the checks to her creditors.

On June 17, 2004, Agent Snodgrass called Ms. Coleman again to ask if he could come to her home for additional questions about the Bank of America checks.  Instead, she suggested going to the FBI office and did so for another interview.   She was again told that she was not under arrest, and was free to leave.  Again she was cooperative, voluntarily answered the agent's questions and gave the agents another written statement.  The Defendant was not in custody or under arrest.  She then left the office.

At none of the interviews was Ms. Coleman ever in custody or under arrest.  She was repeatedly told she was not under arrest and was free to leave.  Therefore, Defendant's Motion to Suppress Evidence of her statements must be and is **Denied.**

**2.  Defendant's Motion to Inspect Personnel Files**

The court previously directed that the Government  have the files inspected of the agents as to any *Henthorn* material.  The Government stated that it had asked for inspection but had not yet received the results.  **It is Hereby Ordered** that not later than December 31, 2005, the Government shall file a report containing the results of the *Henthorn* inspection.  Any alleged non-relevant reports may be submitted not later than December 31, 2005 for an *in camera* review by the court as to relevancy.

**3.  Defendant's Motion for Discovery**

FBI Agent Richard J. Snodgrass testified that he had not turned over his notes from Defendant's interview  and spread sheets to the U.S. Attorney  and did not bring them to court.  **It is Hereby Ordered** that counsel for the  Plaintiff shall obtain the notes, spread sheets, and tape recording, if any, referred to and turn copies over to counsel for the Defendant on or before December 31, 2005.  The Government shall also forthwith turn over the grand jury transcripts and subpoenas to counsel for the Defendant.   Counsel for the Government shall forthwith confer with the agents and obtain any and all documents concerning this matter in the agents' control or possession other than privileged matters, whether the Government intends to introduce them at trial or not.  If there is any claim of privilege, it shall be submitted to the court *in camera* forthwith for a ruling by the court.

PRETRIAL CONFERENCE ORDER AND
ORDER ON PRETRIAL MOTIONS–3

The Government shall turn over all such documents, notes and records to counsel for the Defendant except for privileged material on or before December 31, 2005.

*4*. **Defendant's Motion for Notice of 404 (b) Evidence & F. R. Crim. P. 16(a)(1)(F)**

The  Motion for Notice of 404(b) Evidence  is **Reserved** until time of trial. Pursuant F. R. Crim P. 16(a)(1)(F), the Government shall give notice of its intent to use any expert on bank procedures and policies and a summary thereof and shall furnish it to counsel for the Defendant on or before December 31, 2005.  The Defendant shall comply with her reciprocal duty per F.R. Crim P. 16 (b)(1)(C).

**5. Defendant's Motion to File Further Motions.**

This Motion is **Granted.**  However, any further motions shall be timely filed.  Any additional motions arising out of newly furnished  discovery shall be served and filed on or before January 13, 2006.

**6. Defendant's Motion to Dismiss Counts 14-94 as being Duplicitous**

The court finds that is no issue to warrant dismissal of the bank fraud counts based on duplicity in view of the scheme to defraud alleged in the Indictment and the court's proposed unanimity instructions.

**7. Defendant's Motion to Dismiss Counts 14-94 for Lack of Jurisdiction**

Defendant relies on *United States v. Laljie,* 184 F.3d 180 (2nd Cir. 1999), which held that there is no bank fraud where no forged signatures are involved, and the employer of the defendant signed the checks himself, which this court finds to be a rather restrictive ruling.  " A conviction under the scheme to defraud clause of the bank fraud statute requires a pattern or course of conduct designed to deceive a federally chartered or insured financial institution into releasing property with the intent to victimize the institution by exposing it to actual or potential loss.. In *United States v. Jacobs,* 117 F.3d 82 (2nd Cir. 1997) the court held that  where a bank pays over a forged signature, the bank faces a risk of loss.

18 U.S.C. § 1344 (2)  provides that whoever knowingly executes, or attempts to execute a scheme or artifice to obtain any of the moneys, funds, credits, assets, securities,

or other property owned by, **or under the control or custody** of a financial institution by means of false or fraudulent pretenses, representations or promises is guilty of bank fraud. In *United States v. King*, 200 F.3d 1207 (9th Cir. 1999), the court held that the second paragraph of the bank fraud statute includes a situation where a bank disperses funds under its control as a result of fraud.  It does not have to be money owned by the bank. The *King* court cited to *United States v. Sayan,* 968 F.2d 55, 61, n. 7 (D.C.Cir. 1992) (noting that false signatures and endorsements on checks and drafts would have supported a conviction under § 1344(2) had that statute been in effect when the conduct occurred).

   Here, page 2 of the Second Superceding Indictment charges that Defendant used Bank of America blank checks of her employer for her personal benefit.  Defendant's Motion to Dismiss for Lack of Jurisdiction is **Denied With Leave to Renew.**  If the evidence indicates that Counts 14-94 were  based on the Defendant using her employer's authorized signature stamp,  the legal issue of whether use of the signature stamp was a misrepresentation to the bank will need to be addressed..

**8.  Defendant's Motion for Change of Venue**

   This Motion is **Granted.**    Jury trial shall commence in Las Vegas, Nevada at 9:00 a.m. on Monday, February 13, 2006.  A separate Order changing venue will be entered.

**9.**   Trial briefs, requested jury voir dire and proposed jury instructions shall be served and filed and in the court's hands  on or before February 3, 2006.

   **IT IS SO ORDERED.**  The Clerk is further directed to enter this Order and forward copies to counsel.

   **DATED** this 14th day of December, 2005.


                s/ Justin L. Quackenbush
            JUSTIN L. QUACKENBUSH
         SENIOR UNITED STATES DISTRICT JUDGE